**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------
**UNITED STATES OF AMERICA**

      - against -                **09 Cr. 126 (JGK)**

**CURTIS HOLMES,**                    **MEMORANDUM OPINION**
                                          **AND ORDER**
              Defendant.
------------------------------------------------

**JOHN G. KOELTL, District Judge:**

Curtis Holmes, proceeding pro se, brings two motions purportedly pursuant to Rule 52(b) of the Federal Rules of Criminal Procedure and the All Writs Act, 28 U.S.C. § 1651, seeking to vacate or set aside his conviction and sentencing. For the reasons explained below, the motions are **denied**.

**I.**

On April 26, 2010, Holmes pleaded guilty pursuant to a Plea Agreement (the "Plea Agr.") to Counts One and Five of a ten-count Superseding Indictment. (Plea Tr. 27, Apr. 26, 2010). Count One charged Holmes with participating in a conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951, and alleged as overt acts in furtherance of the conspiracy the robbery of six businesses in Manhattan and Westchester County, New York. (Plea Tr. 10-11; Plea Agr. at 1-2.) The lesser included offense in Count Five to which Holmes pleaded guilty charged him with brandishing a firearm during one of the

1

robberies alleged in Count One, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2, which carries a mandatory minimum consecutive sentence of seven years imprisonment. (Plea Tr. 12-13; Plea Agr. at 1.)[1]

As part of the Plea Agreement, the parties agreed that under the United States Sentencing Guidelines the stipulated Guidelines Range for Holmes, as a career offender, was 262 to 327 months. (Plea Agr. at 8.) The Agreement included a waiver provision by which Holmes agreed not to appeal or otherwise litigate under 28 U.S.C. § 2255 and/or § 2241 any sentence within or below this stipulated range. (Plea Agr. at 9.)

Before accepting the plea, this Court conducted a thorough allocution, advising Holmes of each of the constitutional rights he would be waiving by pleading guilty. (Plea Tr. 3-9.) Holmes indicated his understanding and his desire to plead guilty. (Plea Tr. 9-12.) He further indicated that he was satisfied with his attorney, and that he had discussed the indictment and his guilty plea with her. (Plea Tr. 6.) This Court questioned Holmes specifically about his waiver of his right to appeal. (Plea Tr. 20-21.) This Court also advised Holmes of the substance of the charges in Counts One and Five of the Superseding Indictment. (Plea Tr. 10-13.) Holmes then admitted

---

[1] Count Five charged that firearms were brandished and on one occasion discharged, but Holmes pleaded guilty solely to the charge involving the brandishing of a firearm. (Plea Tr. 13.)

his guilt, and explained the factual basis for the plea.  (Plea Tr. 22-25.)

After considering the various sentencing factors set forth in 18 U.S.C. § 3553(a), this Court sentenced Holmes on September 2, 2010 principally to a term of 181 months imprisonment, to be followed by a five year term of supervised release.  (Sentencing Tr. ("Sent'g Tr.") 16-21, Sept. 2, 2010.)  The term of imprisonment was to be imposed as follows: 97 months on Count One to be followed by a consecutive term of 84 months on Count Five.  (Sent'g Tr. 16.)  Judgment was entered on September 15, 2010, and Holmes filed no direct appeal.

Holmes now brings two motions collaterally attacking his conviction and sentencing.  One motion is purportedly filed pursuant to Rule 52(b) of the Federal Rules of Criminal Procedure.  Holmes argues that under United States v. Whitley, 529 F.3d 150 (2d Cir. 2008), it was plain error to impose the mandatory minimum sentence of seven years imprisonment on Count Five when a longer sentence was imposed on Count One.  Holmes filed his second motion pursuant to the All Writs Act, 28 U.S.C. § 1651.[2]  In that motion, Holmes argues that the jurisdictional nexus of Hobbs Act robbery was not met because the facilities that he and his co-conspirators robbed were not insured by the

---

[2] The motion is also described by Holmes as a motion coram nobis or audita querela.

Federal Deposit Insurance Corporation ("FDIC") and there is no evidence that interstate commerce was affected. Holmes also argues that, due to ineffective assistance of counsel, he was not informed adequately of the consequences of entering into the Plea Agreement.

## II.

Because Holmes is proceeding pro se, this Court "read[s] his supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). For reasons explained below, the motions under Rule 52(b) of the Federal Rules of Criminal Procedure and 28 U.S.C. § 1651 are without merit.

Rule 52(b) of the Federal Rules of Criminal Procedure is an improper device for Holmes's first motion. The Rule provides that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Crim. P. 52(b). The Rule provides a standard of review and does not purport to be a procedural basis for vacating a conviction. In any event, the plain error standard is "intended for use on direct appeal," and its application "is out of place when a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been

perfected by the expiration of the time allowed for direct review . . . ." United States v. Frady, 456 U.S. 152, 164 (1982); see also Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996) (collecting cases establishing that a collateral attack on a final judgment pursuant to 28 U.S.C. § 2255 is generally available only for a constitutional error, a lack of jurisdiction, or a miscarriage of justice).  Because Holmes chose not to appeal, the plain error standard has no application to this collateral challenge and is not a procedural basis for challenging the conviction.

The All Writs Act, 28 U.S.C. § 1651, is likewise an improper procedure for Holmes's second motion.  Section 1651 is inapplicable where "a statute specifically addresses the particular issue at hand . . . ." Carlisle v. United States, 517 U.S. 416, 429 (1996).  For example, a petitioner cannot proceed under § 1651 when he "could have sought earlier relief through another mechanism such as a direct appeal or Section 2255." Eisa v. Immigration & Customs Enforcement, No. 08 Civ. 6204, 2008 WL 4223618, at *5 (S.D.N.Y. Sept. 11, 2008) (quoting Calvert v. United States, No. 06 Civ. 1722, 2007 WL 160918, at *13 (E.D.N.Y. Jan. 17, 2001)) (quotation marks omitted).  When a petitioner has not made use of such procedural alternatives, applications under § 1651 must demonstrate that "sound reasons exist for failure to seek appropriate earlier relief." Fleming

5

v. United States, 146 F.3d 88, 90 (2d Cir. 1998) (quoting Foont v. United States, 93 F.3d 76, 79 (2d Cir. 1996)).  Here, Holmes could have presented his arguments on direct appeal or in a motion pursuant to 28 U.S.C. § 2255.  He has failed to present any reason for not doing so.  Thus, his use of § 1651 as a vehicle for his collateral attack is precluded.

### III.

In any event, the arguments Holmes asserts to vacate his conviction or sentence have no merit.

### A.

Holmes argues that under the decision of the Second Circuit Court of Appeals in Whitley, "the plain language of § 924(c)(1)(A) forbids the imposition of its mandatory minimum sentence when [the] defendant [is] already subject to another greater mandatory minimum sentence . . . under any other provision of law."  (Pet'r's Rule 52(b) Mot. at 4.)  The Government correctly responds that Whitley's holding has been overruled by the Supreme Court in Abbott v. United States, 131 S. Ct. 18, 23 (2010), and that Whitley's holding would not apply to the present facts in any event.

Holmes's reliance on Whitley in challenging his sentence is misplaced.  Whitley involved the interpretation of the so-called

6

"except clause" in 18 U.S.C. § 924(c)(1)(A), which provides that "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law," certain mandatory minimum consecutive penalties shall be imposed for firearms offenses committed "during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A).

The defendant in Whitley was subject to both a ten year mandatory minimum sentence on one count of discharging a firearm under § 924(c)(1)(A)(iii) and a fifteen year mandatory minimum sentence on one count of being an armed career criminal under § 924(e). Whitley, 529 F.3d at 152. The Court of Appeals interpreted the statute to mean that the defendant was exempt from the mandatory minimum sentence under § 924(c) because § 924(e) imposed a greater mandatory minimum sentence. Id. at 153.

Abbott abrogated Whitley's holding. In Abbott, the Supreme Court held that a defendant convicted under § 924(c) "is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." 131 S. Ct. at 23. Instead, the Supreme Court interpreted the "except clause" as exempting a defendant from § 924(c) only when "another provision of law directed to conduct proscribed by § 924(c)" imposed a greater mandatory minimum sentence. Id. For

7

example, a defendant who was convicted of carrying, brandishing, and discharging a firearm during a violent crime would be subject to a mandatory minimum sentence of ten years imprisonment, and not twenty-two years as a result of "stack[ing]" the three § 924(c)(1)(A) violations.  Id.  Thus, the interpretation of § 924(c) that Holmes urges this Court to follow under Whitley is no longer good law.  See United States v. Tejada, 631 F.3d 614, 618 (2d Cir. 2011) (Abbott "effectively abrogated" Whitley.).

Even under Whitley, Holmes would not be exempt from the seven year mandatory minimum imposed for the offense of brandishing a firearm.  The other offense for which Holmes was convicted—Hobbs Act robbery—does not carry a mandatory minimum sentence.  Therefore, neither interpretation of the "except clause" would exempt Holmes from the mandatory minimum consecutive sentence of seven years imprisonment for brandishing a firearm under § 924(c)(1)(A)(ii).

**B.**

Holmes's second motion argues that the Government made an insufficient showing of the jurisdictional nexus for Hobbs Act robbery to support his guilty plea.  The Hobbs Act, 18 U.S.C. § 1951, provides in relevant part:

8

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a).  Subsection 1951(b)(3) further defines "commerce" as including, among other things, interstate and foreign commerce and "all other commerce over which the United States has jurisdiction."  18 U.S.C. § 1951(b)(3).  The Second Circuit Court of Appeals has held that "the required showing of an effect on interstate commerce is de minimis."  United States v. Parkes, 497 F.3d 220, 230 (2d Cir. 2007).  The jurisdictional nexus can be established by showing a "very slight effect on interstate commerce.  Even a potential or subtle effect on commerce will suffice."  Id. (quoting United States v. Angelilli, 600 F.2d 23, 35 (2d Cir. 1981)) (quotation marks omitted).

Rule 11(b)(3) of the Federal Rules of Criminal Procedure provides that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea."  Fed. R. Crim. P. 11(b)(3).  This determination does not require the court to determine whether a jury would find the defendant guilty, nor whether it is "more likely than not that the defendant is guilty."  United States v. Maher, 108 F.3d

1513, 1524 (2d Cir. 1997).  Instead, the court must "simply [determine] that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty . . . ."  Id.  In a case alleging Hobbs Act robbery, a defendant who pleads guilty to an "indictment alleg[ing] that the conspirators targeted the funds of a business engaged in interstate commerce," admits "all factual elements" of the charge.  United States v. Terry, 100 F.3d 945, 945 (2d Cir. 1996) (unpublished table decision).  When such a defendant then "challenges the sufficiency of the indictment after pleading guilty, the indictment will be upheld unless it does not, under any reasonable construction, charge the offense of conviction."  Id.; see also United States v. Pescatore, 400 F. App'x 596, 597-98 (2d Cir. 2010) (finding a sufficient factual basis for the jurisdictional nexus in a Hobbs Act robbery case when the defendant pleaded guilty to an indictment specifying an effect on interstate commerce and that element was repeated in the plea allocution).

Holmes's argument that the businesses he and his co-conspirators targeted were not insured by the FDIC does not invalidate his guilty plea and subsequent conviction for Hobbs Act robbery.  Section 1951 contains no reference to the FDIC, but instead requires that the robbery affect interstate commerce in "any way or degree."  18 U.S.C. § 1951(a).  As in Terry and

10

Pescatore, Holmes pleaded guilty to an indictment charging him with the elements of Hobbs Act robbery. The charge was repeated during his plea allocution:

> THE COURT: Let me go over Counts One and Five with you . . . . Count One charges . . . [that Holmes conspired to] commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3); to wit, Holmes . . . agreed to commit armed robberies of commercial establishments and business engaged in interstate commerce . . . . All of this in violation of Title 18, United States Code, Section 1951.  Do you understand that is what you are charged with in Count One of the indictment?
> THE DEFENDANT: Yes, your Honor.

(Plea Tr. 10-11.) The Court also listed two overt acts in furtherance of the conspiracy involving the robbery of two check cashing establishments of $60,000 and $200,000 respectively, which was part of what the defendant acknowledged was charged in Count One. (Plea Tr. 10-11.) Holmes specifically admitted that he participated in the robbery of approximately $200,000 from a Rite Check establishment during which a taser gun was used against a victim, and that the act was in furtherance of the conspiracy. (Plea Tr. 11.) The Government also represented that its evidence would establish Holmes's guilt beyond a reasonable doubt of every element of both offenses to which he was pleading guilty. (Plea Tr. 26.) Holmes pleaded guilty to Count One as charged in the Superseding Indictment without

11

expressing any reservations.  (Plea Tr. 26.).  The Superseding Indictment and Holmes's admissions are sufficient to meet the de minimis requirement of federal jurisdiction under the Hobbs Act for the purposes of a valid guilty plea.  See Terry, 100 F.3d at 945; Pescatore, 400 F. App'x at 597-98.

C.

Holmes's second motion also refers to ineffective assistance of counsel, but fails to present a viable claim of ineffective assistance in his case.  "To prevail on a claim of ineffective assistance of counsel, the petitioner must show both (1) that his counsel's performance was deficient in that it was objectively unreasonable under professional standards prevailing at the time, and (2) that counsel's deficient performance was prejudicial to the petitioner's case."  Altman v. United States, No. 94 Cr. 454, 2001 WL 687370, at *2 (S.D.N.Y. June 19, 2001) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984) and Bunkley v. Meachum, 68 F.3d 1518, 1521 (2d Cir. 1995)).  A petitioner who "makes no specific contentions of how trial counsel was ineffective" will fail to meet the Strickland standard.  United States v. Tavarez, 173 F.3d 847, 847 (2d Cir. 1999) (unpublished table decision).  Furthermore, a claim of ineffective assistance of counsel cannot be supported by conclusory allegations alone.  Altman, 2001 WL 687370, at *2.

Here, Holmes has failed to meet either prong of the <u>Strickland</u> test. Holmes makes no specific allegations of defects in the representation he received. He makes general references to "plea bargains made without warnings of their possible 'collateral consequences,'" but fails to allege that he was, in fact, misinformed about any particular consequences of his plea. (Pet'r's § 1651 Mot. at 12.) Holmes refers to cases discussing the importance of explaining the immigration consequences of a guilty plea, but he is a citizen of the United States and he does not explain how his plea could have any immigration consequences. (Plea Tr. 3.) Holmes was in fact advised of possible collateral consequences of his plea such as the loss of valuable civil rights. (Plea Tr. 17.) At the plea hearing, this Court explained to Holmes the consequences of pleading guilty in general and the particular terms of his Plea Agreement. (Plea Tr. 6-9, 13-22.) Holmes expressed his understanding throughout the allocution. (Plea Tr. 3-25.) Furthermore, when asked by this Court if he was "satisfied with Ms. Kellman and her representation of [him]," Holmes replied that he was. (Plea Tr. 6, Apr. 26, 2010.) Holmes has also failed to show prejudice, as required by the second prong of the <u>Strickland</u> test, by failing to show that he would have chosen not to plead guilty in the absence of the unspecified

13

deficiencies in the representation he received.  Altman, 2001 WL 687370, at *3.

Holmes has failed to allege specific instances of objectively unreasonable conduct on the part of his attorney, and he has failed to argue that such deficiencies caused him to plead guilty.  Therefore, his claim for ineffective assistance of counsel is without merit.

## CONCLUSION

The Court has considered all of the arguments raised by the parties.  To the extent not specifically addressed above, the arguments are either moot or without merit.  For the reasons explained, Holmes's motions for relief are **denied**.  The Court declines to issue a certificate of appealability because Holmes has failed to make a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c).

**SO ORDERED.**

**Dated:    New York, New York**
          **April 29, 2013**                    _____/s/_____

                                          **John G. Koeltl**
                                    **United States District Judge**